UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY FISHER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 14-cv-13881

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER GRANTING PLAINTIFF'S APPLICATION
FOR ATTORNEY FEES [22] IN PART**

**I. INTRODUCTION**

Presently before this Court is Kimberly Fisher's ("Plaintiff") application for attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The EAJA allows for the payment of fees and other expenses to a prevailing party against the government in litigation. Plaintiff requests attorney fees in the amount of $10,150.00, representing 50.75 hours of attorney work multiplied by an hourly rate of $200.00. The Commissioner of Social Security ("Defendant" or "Commissioner") does not dispute that Plaintiff is entitled to attorney fees or that Plaintiff's application for EAJA fees was timely filed. Instead, the dispute focuses on whether the hours spent working on this case were reasonable and whether Plaintiff is entitled to an enhanced hourly rate beyond the statutorily-established $125 per hour. 28 U.S.C. § 2412(d)(2)(A). Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of this matter. As such, the Court will determine the present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). Ultimately, the Court will award Plaintiff her attorney fees, but in a lesser amount than requested.

## II. LEGAL STANDARD

To be entitled to attorney's fees under the EAJA, a court must find that (1) the party seeking fees was a prevailing party in a civil action; (2) the party timely filed an application for fees; (3) the position of the agency was not substantially justified; and (4) the fees requested are reasonable. *See* 28 U.S.C. § 2412 (d)(1)(A); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A district court has broad discretion when determining whether fees should be awarded under the EAJA, and its decision will only be overturned if it abuses its discretion. *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). However, the Sixth Circuit Court of Appeals has cautioned district courts against "rubber stamp[ing]" EAJA attorney fees applications. *Begley v. Sec. Health & Human Serv.*, 966 F.2d 196, 199-00 (6th Cir. 1992).

## III. DISCUSSION

Here, Plaintiff is the prevailing party since the Court remanded this matter to the Commissioner for further proceedings on her claim for disability insurance benefits. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). Moreover, Plaintiff's request for fees is timely. *See Najor v. Sec'y of Health & Human Servs.*, 675 F. Supp. 379, 380-81 (E.D. Mich. 1987) (citation omitted). Additionally, Defendant has made no argument that its position was substantially justified as it stipulated to the remand of this matter to the Commissioner. *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) ("[T]he government bears the burden of proving that a given position was substantially justified, and it discharges that burden by proving that the position had a reasonable basis in both law and fact."). Thus, the only prong at issue here is whether the fees requested by Plaintiff are reasonable. Defendant argues that the fees requested are unreasonable for two reasons: the 50.75 hours of work on this matter were unreasonable and the $200.00 hourly rate is unjustified. The Court will address these contentions in turn.

**A. The 50.75 Hours of Attorney Work is not Unreasonable**

The EAJA requires that an award of attorneys' fees must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The plaintiff bears the burden of proving the reasonableness of the fees that she has requested. *Zanon v. Comm'r. of Soc. Sec.,* No. 08–15337, 2010 WL 1524143, at *2 (E.D. Mich. Apr.15, 2010) (citing *Hensley,* 461 U.S. at 437). Hours that are "excessive, redundant, or otherwise unnecessary" must be rejected. *Hensley,* 461 U.S. at 433–434. Ultimately, it is for the district court to determine if a requested fee is "reasonable." *Comm'r., I.N.S. v. Jean,* 496 U.S. 154, 161 (1990) (citing *Hensley,* 461 U.S. at 433).

Here, Defendant argues that Plaintiff's request for "50.75 hours for a single routine brief with no additional briefing is unreasonable[.]" Dkt. No. 23 at 2. Defendant quotes *Hayes v. Secretary of Health and Human Services* for the proposition that the "average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours." *Id.* at 2-3 (quoting 923 F.2d 418, 420 (6th Cir. 1990). Specifically, Defendant contends that "given the routine nature of the case, counsel's extensive expertise and experience, and the need for only a single brief, no more than 25 hours would be reasonable." *Id.* at 3.

Initially, the Court was amenable to the position taken by the Defendant. *See*, *e.g.*, *Allshouse v. Comm'r of Soc. Sec.*, No. 07-12516, 2009 WL 4884968, at *4 (E.D. Mich. Dec. 11, 2009) (reducing hours due to a finding that the hours were "excessive and duplicative in light of the complexity of the issues"). Indeed, at first glance, the Court was rather perplexed that Plaintiff's attorney's time sheet indicated that the attorney spent 18 days and about 26.3 hours in order to "Begin to Write Brief," yet less than a day—7.2 hours—to "Write Brief" and "Complete & File Brief." *See* Dkt. No. 22 at 16-17.

-3-

Nevertheless, Plaintiff aptly points out that the Honorable Judge Julian Abele Cook, Jr., of this district discarded a similar argument put forth by Defendant where the Commissioner cited the Sixth Circuit's decision in *Hayes* to argue that sixty-two hours expended was unreasonably excessive. *See Grooms v. Comm'r of Soc. Sec.*, No. 2:08-14189, 2011 WL 4536886, at *3 (E.D. Mich. Sept. 30, 2011). Judge Cook emphasized that none of the circumstances put forth by the Sixth Circuit were present to reduce the fees requested in the case:

> Where a high hourly total results in a large total fee, a deduction would be allowed in those (1) situations occasioned by improper conduct or the patent ineffectiveness of counsel, or (2) circumstances wherein counsel would receive a windfall because of an inordinately large benefit award or from a minimal expenditure of effort. There is no evidence that either of those situations are present here.

*Id.* (citing *Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989)). Similarly, there is no evidence or claims of ineffectiveness, misconduct, or a windfall here.

Defendant contends that the Commissioner is a self-proclaimed expert in Social Security disability law, and contends that the issues Plaintiff raised were not novel. *See* Dkt. No. 23 at 3 (citing Dkt. No. 22 at 8). But as Judge Cook stated, "the mere fact that it takes an attorney more than 40 hours to complete work on a Social Security case does not mean that it is per se unreasonable and warrants a reduction." *Grooms*, 2011 WL 4536886, at *3. This Court agrees with the rationale put forth by Judge Cook. Because there was "no support-other than speculation-that the work by [Plaintiff's] counsel took an unreasonable amount of time[,]" the Court concludes that the "request for attorney fees is fair and reasonable." *Id.*

### B. Plaintiff has not Justified a $200.00 Hourly Rate

With respect to the "hourly rate" awarded to attorney representing prevailing parties against the United States government, the EAJA states, in relevant part:

> The amount of fees awarded under this subsection shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  When requesting an increased hourly-fee rate, Plaintiff bears the burden of producing appropriate evidence to support such an increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). In satisfying this burden, Plaintiff must produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Whether an award above the statutory maximum is appropriate, however, is left to the "sound discretion of the district court." *Begley*, 966 F.2d at 199.

Here, Plaintiff relies on the Bureau of Labor Statistics' Consumer Price Index for All Urban Consumers ("CPI-U") to argue that the EAJA is $187.02 as an equivalent and reasonable hourly rate in today's dollars. *See* Dkt. No. 22 at 24-30. In addition to her attorney's affidavit, *see id.* at 21-22,  Plaintiff also provides the Court with an Affidavit from James Roy Williams, an "experienced Ohio Social Security Practitioner," *id.* at 60-61; an Affidavit from Evan A. Zagoria, an "experienced Michigan Social Security Practitioner," *id.* at 63-64; a Declaration of Frederick Daley, Jr., an "experienced Illinois Social Security Practitioner," *id.* at 66-67; Affidavits of Blaise A. Repasky, David A. Sims and Michael J. Trager, "experienced practitioners in Suburban Detroit, Michigan," *id.* at 69-71; and an Affidavit of Dannelly C. Smith, *id.* at 73. Notably, these were the same affidavits provided by Plaintiff's counsel in another Social Security case before the Honorable George Caram Steeh in this district. *Cf. Pizzo v. Comm' of Soc. Sec.*, No. 13-CV-11344, 2014 WL 7157129, at *3 (E.D. Mich. Dec. 15, 2014).

Here, Plaintiff emphasizes that Defendant "makes no comment on the order entered by District Judge George Caram Steeh entered on December 14, 2014 . . . awarding . . . an hourly rate of $187.00[.]" Dkt. No. 26 at 4. However, with respect to the affidavits provided in that case, Judge Steeh ultimately adopted the Report and Recommendation of Magistrate Judge Michael Hluchaniuk who disregarded the reliance on the affidavits. *See Pizzo*, 2014 WL 7157129, at *6.

Magistrate Judge Hluchaniuk noted that he did not find the affidavits of James Roy Williams, Frederick J. Daley, Jr., "particularly persuasive" because they were from out of state practitioners. *Pizzo*, 2014 WL 7157129. at *5 n.1. Furthermore, Judge Hluchaniuk disregarded the three affidavits from Blaise A. Repasky, David A. Sims, and Michael J. Trager after noting that "these attorneys do not state that they practice Social Security disability law, and thus their hourly rates are not relevant to this decision." *Id.* at *6 n.3. This Court agrees that all of these declarations are either irrelevant or unpersuasive. *Cf. Bryant,* 578 F.3d at 450 (explaining that the requested rates must be "in line with those prevailing *in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation*.") (emphasis added).

Magistrate Judge Hluchaniuk also disregarded the remaining two affidavits from Dannelly C. Smith and Evan A. Zagoria because he found that the affidavits "being filed in 2010 . . . are stale." *Pizzo*, 2014 WL 7157129, at *6. In fact, he noted "[m]ore importantly . . . the affidavits address the wrong question." *Id.* (citing *Nepa v. Comm'r of Soc. Sec.,* 2014 WL 5347419 (E.D. Mich. 2014). The Magistrate explained the remaining two affidavits as follows:

> [P]laintiff presented the affidavit of Danelley Smith attesting to the lack of availability of attorneys willing to litigate Social Security appeals in federal court in Southeast Michigan due to the demanding and time-consuming nature of the work, and the affidavit of Evan Zagoria, stating that he represents claimants filing for disability insurance benefits before the Social Security Administration, that Social Security appeals are generally time-consuming and not lucrative, that he has enlisted the services of Frederick Daley over the past year or so, but has been unable to find local attorneys to handle the court cases for other's work.

*Id.* Thus, Magistrate Judge Hluchaniuk disregarded these affidavits stating that "[t]he question is not the number of attorneys who are *willing* to take social security cases, but the number of attorneys who are qualified to handle social security cases." *Id.* (citing *Nepa,* 2014 WL 5347419, at *3, for the proposition that "the paucity of attorneys who are willing to try such a case does not fall within the interpretation of the statute[,]"and "the 'affidavits speak to willingness, not to qualifications.'"). This Court agrees.

Magistrate Judge Hluchaniuk did determine that plaintiff presented evidence to establish an increase in the hourly rate based on inflation because the Plaintiff in that case presented the 2007 and 2010 Michigan State Bar Association Surveys on attorney hourly rates. *See Pizzo*, 2014 WL 7157129, at *5 (citing *Hayes v. Comm'r of Soc. Sec.,* 2014 WL 5427533 (E.D. Mich. 2014), to state that "[c]ase law in this District supports such an increase based only on the Michigan 2010 Economics of Law Practice Survey, in addition to an affidavit from the plaintiff's attorney and the CPI."). Here, Plaintiff similarly provides the 2007, 2010, and 2014 Michigan State Bar Association Surveys on attorney hourly rates. *See* Dkt. No. 22 at 31-56. However, the Court does not agree that these surveys present sufficient evidence to support an hourly rate of $200.00.

The 2014 Michigan State Bar Association Survey on attorney hourly rates indicates that the hourly billing rate for the 25th percentile of attorney's working in "Administrative Law" was $200.00. *See* Dkt. No. 22 at 51. Such information is not dispositive. The evidence must show that $200.00 per hour is in line with the Michigan rates for "similar services." *Bryant*, 578 F.3d at 450. Though the Michigan State Bar Association Surveys address the hourly rate for "Administrative Law" generally, these surveys do not specifically address Social Security cases.[1]

---

[1] For example, Plaintiff provides the Court with the 2012 Ohio State Bar Association publication on attorney hourly billing rates. *See* Dkt. No. 22 at 57-59. The Ohio survey provides evidence specifically explaining the rates for the field of "Social Security." *See* Dkt. No. 22 at 57. However, the Ohio survey is irrelevant because "[t]he appropriate

The $200.00 per hour rate for "Administrative Law" cases in Michigan encompasses far too many other practice areas to be a reliable indicator that that rate is in line with the Michigan rates for Social Security cases. *See Thompson v. Comm'r of Soc. Sec.*, No. 1:13CV1027, 2014 WL 4080417, at *1 (W.D. Mich. Aug. 14, 2014) ("The Michigan Bar survey of attorney rates is [] insufficient. . . . [T]he survey is fairly generic and does not in any way drill down to social security practitioners specifically."). Put simply, the Court does not find that the Michigan State Bar Association Surveys are sufficient. *See Begley,* 966 F.2d at 200 (noting that adjustments for increases in the Consumer Price Index are left to the discretion of the district court).

Thus, the remaining evidence provided by Plaintiff in support of her request for a rate of $200.00 is insufficient. Plaintiff is left with only her reliance on the CPI to support her request for a higher hourly fee amount. The CPI data alone cannot support the increased hourly rate that Plaintiff requests. *See Bryant*, 578 F.3d at 450; *Sleight v. Comm'r of Soc. Sec.*, No. 11-13109, 2012 WL 4006684, at *2 (E.D. Mich. Sept. 12, 2012) (declining to award fees in excess of the $125.00 hourly rate because the plaintiff based "her request for an increased attorney fee solely on the CPI, and . . . such reliance [is] insufficient to satisfy the burden of proof."); *Page v. Astrue*, 921 F. Supp. 2d 746, 748 (E.D. Mich. 2013) (same); *Tyler v. Comm'r of Soc. Sec.*, No. 12-14527, 2014 WL 1260652, at *3 (E.D. Mich. Mar. 27, 2014) (same).

As a district court, this Court has been instructed "to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Begley*, 966 F.2d at 200. In these situations, this Court permits a rate of $150.00 because the Court agrees that $125.00 is too low a rate. *See*, *e.g.*, *Vock v. Comm'r of Soc. Sec.*, No. 13-CV-12753, 2014 WL 6974663, at *5

---

market for calculating attorneys' fees is the market in which the court sits." *Ralston v. Astrue,* 2011 WL 7299836, *5 (E.D. Mich. 2011); *see also Pizzo*, 2014 WL 7157129, at *5 n.1 (noting that billing rates from other states are not "particularly persuasive.").

(E.D. Mich. Dec. 9, 2014) (quoting *Shumaker v. Comm'r of Soc. Sec.*, No. 1:11CV2801, 2013 WL 6501300, at *3 (N.D. Ohio Dec. 11, 2013)). The Court will do the same here.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (EAJA) [22] is **GRANTED IN PART**. Defendant shall pay Plaintiff a total award of $7,612.50 in attorney fees, which is 50.75 hours multiplied by a rate of $150.00.

IT IS SO ORDERED.

Dated: August 19, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge